IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY P. CARPENTER,<br>           Plaintiff<br><br>        v.<br><br>THE UNITED STATES OF AMERICA,<br>           Defendant. | C.A. No. 05-360 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that United States' motion to dismiss without prejudice [Document # 6], be granted.

**II.   REPORT**

**A.   Procedural History**

On or about November 10, 2005, Plaintiff initiated this case in the Court of Common Pleas of Erie County, Pennsylvania, against Erie Veterans Affairs Medical Center ("Vet Center"), Mark K. Kauffman, D.O. ("Kauffman"), Rebecca L. Babo ("Babo"), and "all John Does and Jane Does."  In his complaint, Plaintiff alleges that his father, Paul L. Carpenter, received negligent care while at the Vet Center, which resulted in his wrongful death.

On December 8, 2005, a Notice of Removal was filed by all of the Defendants with this Court, along with a motion to substitute the United States of America ("United States") as the sole Defendant in this case.[1] [Document ## 1, 3].  Both documents asserted that the original named Defendants were acting within the scope of their federal employment at the time of the occurrences alleged in the Complaint, thus engendering application of the Federal Tort Claims

---

[1] This Court granted the motion to substitute the United States on January 4, 2006. [Document # 8].

Act ("FTCA"), 28 U.S.C. §§ 1346(b); 2671-2680.

After removing the case to this Court, the United States filed a motion to dismiss without prejudice, claiming that this Court does not have subject matter jurisdiction to consider Plaintiff's Complaint due to Plaintiff's failure to exhaust his administrative remedies as required by the FTCA. [Document # 6]. Plaintiff has filed a response to the United States' motion; however, the arguments in his response fail to address his alleged failure to exhaust his administrative remedies. [Document # 10]. This motion is now ripe for consideration.

**B.  Subject Matter Jurisdiction and the Federal Tort Claims Act**

The Federal Tort Claims Act (FTCA) grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. The FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the lawsuit. See Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). This requirement is set forth in 28 U.S.C. § 2675(a)[2]:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at

---

[2] Prior to 1996, FTCA claimants had the option of filing suit in federal court without first presenting their claims to the appropriate federal agency. Because the vast majority of these claims were ultimately settled before trial, however, the Department of Justice proposed that Congress amend the FTCA to "requir[e] all claims to be presented to the appropriate agency for consideration and possible settlement before a court action could be instituted. This procedure would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage.... Since it is the one directly concerned, it can be expected that claims which are found to be meritorious can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation." S.Rep. No. 1327, 89th Cong., 2d Sess., 3 (1966), U.S. Code Cong. & Admin. News 1966, pp. 2515, 2517.

2

> the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Thus, presentation of an administrative claim in accordance with 28 U.S.C. § 2675(a) is "a jurisdictional requirement and an absolute prerequisite to maintaining a civil action against the government under the FTCA." Valenzuela v. Thrifty Rent-A-Car, 1995 WL 708109, at *3 (E.D.Pa. Nov. 20, 1995). See also McNeil v. United States, 508 U.S. 106 (1993)(FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); Livera v. First Nat. State Bank, 879 F.2d 1186, 1194 (3d Cir. 1989)(Exhaustion of administrative remedies is a jurisdictional requirement that cannot be waived and must be strictly construed).  An administrative claim is deemed "presented" when the federal agency receives written notification of the alleged injuries accompanied by a claim for money damages set forth in a sum certain. 28 U.S.C. § 14.2; see also Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

The United States argues that Plaintiff has not filed an administrative claim with the United States Department of Veterans Affairs ("VA") regarding his claims of medical negligence and, therefore, has not exhausted his administrative remedies in accordance with the FTCA's requirements.  In support of this argument, the United States has submitted the Declaration of Arthur L. Kraut, Assistant Regional Counsel for the VA ("Kraut Declaration"), in which Mr. Kraut declares that he conducted a "good faith" search of the VA's records and found that, as of December 8, 2005, the VA "never received a Standard Form 95, Claim for Damage, Injury, or Death, or any other document or writing from or on behalf of Gary P. Carpenter or Paul L. Carpenter, that could be construed as an administrative claim for personal injury, wrongful death, or any other damages as claimed in the above-captioned Complaint." (Document # 7, Defendants' Brief, Exhibit A at ¶ 3).

Plaintiff has not presented any evidence to contradict the Declaration produced by the United States.  As a result, this Court finds that Plaintiff has failed to exhaust his administrative remedies in accordance with 28 U.S.C. § 2675(a), and this Court lacks subject matter jurisdiction to consider Plaintiff's FTCA claim.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that United States' motion to dismiss without prejudice [Document # 6] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and ©), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: March 7, 2006

cc: The Honorable Sean J. McLaughlin
United States District Judge